IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50263
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANGEL MIGUEL LERMA,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-96-CR-26-6
- - - - - - - - - - -
July 17, 1998
Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Angel Miguel Lerma appeals the sentence he received following his guilty-plea conviction for attempting to possess with the intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 846. He argues that the sentence should be vacated because counsel was ineffective and because the district court erred in calculating the quantity of drugs attributable to him for sentencing purposes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lerma's ineffective-assistance claims were not raised before the district court, and the record is thus inadequate for this court to assess the merits of his claims on direct appeal. Accordingly, we decline to address the merits of Lerma's ineffective assistance claim but do so without prejudice to his right to raise the issue in a proper proceeding pursuant to 28 U.S.C. § 2255.  See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).  We likewise decline Lerma's request to remand the case to the district court for further factual development. See United States v. Fry, 51 F.3d 543, 545 (5th Cir. 1995).

Lerma's claim that the district court erred in calculating the amount of drugs attributable to him is barred by the waiver-of-appeal provision contained in his plea agreement, which applies to all sentencing claims on direct appeal except those regarding an upward departure pursuant to U.S.S.G. § 5K2.0.  The sentence he received was not the result of an upward departure. We have reviewed the record and conclude that the waiver was informed and voluntary and is therefore binding on Lerma.  See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

Lerma's appeal is therefore without merit.  Accordingly, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

APPEAL DISMISSED.